IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NOS. CR F 08-0297 LJO |
|---|---|
| Plaintiff, | CV F 10-1838 LJO |
| vs. | **ORDER DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 53) |
| DIANA HERNANDEZ TERAN, | |
| Defendant. | |

**INTRODUCTION**

Defendant Diana Hernandez Teran ("Ms. Teran") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered defendant's section 2255 motion on the record, this Court DENIES the motion.

**BACKGROUND**

**Charges And Plea Agreement**

On September 11, 2008, Ms. Teran was indicted on the following charges: (1) Count One, Conspiracy to Interfere with Commerce by Robbery, (2) Count Two, Kidnaping, and (3) Count Three, Brandishing a Firearm During and in relation to a crime of Violence, Aiding and Abetting.

Ms. Teran entered into a July 17, 2009 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by which Ms. Teran voluntarily agreed to plead guilty to Count Two of the Indictment charging her with Kidnaping, in violation of 18 U.S.C. §1201(a)(1). The plea agreement

provided Ms. Teran's knowing and voluntary waiver of her constitutional and statutory rights to appeal her plea and conviction and Ms. Teran's agreement "not to file a motion under 28 U.S.C. §2255 or §2241 attacking her conviction or sentence." (Doc. 31, Plea Agreement.)

Ms. Teran and the United States of America ("Government") acknowledged and agreed that: "[t]he maximum potential sentence which the Court could impose in this case is life imprisonment, a period of supervised release of five years, a fine of $250,000 and a special assessment of $100." (Doc. 31, Plea Agreement.)  In the Plea agreement, Ms. Teran stated that she understood "the Court will consider whether there is a basis for departure from the guidelines sentencing range (either above or below the guidelines sentencing range) because there exists an aggravating or mitigating circumstnce of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." For its part, the Government agreed to dismiss Counts One and Three of the Indictment.

Consistent with the plea agreement, this Court on October 2, 2009, sentenced Ms. Teran to a term of 121 months imprisonment and 60 months of supervised release upon release from imprisonment. After Ms. Teran was sentenced, and further consistent with the plea agreement, the Government moved to dismiss Counts One and Three of the Indictment. Judgment was entered on October 8, 2009. Ms. Teran did not file a direct appeal of her conviction and sentence with the Ninth Circuit Court of Appeals.

### Section 2255 Motion

On October 4, 2010, Ms. Teran filed her section 2255 motion claiming ineffective assistance of counsel. Ms. Teran argues that she was mislead by counsel that she would receive a lower sentence for cooperation as well as having the gun charge dismissed.

### DISCUSSION

### Waiver

Ms. Teran's waiver to attack collaterally her sentence with a section 2255 motion precludes Ms. Teran's claims, if any, related to her degree of culpability and plea.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012,

1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Ms. Teran's waiver of her appeal and collateral attack rights, as part of Ms. Teran's knowing and voluntary plea agreement, is valid. When reviewing her plea in open court, Ms. Teran affirmed her desire to be bound by the terms of the plea agreement. Because Ms. Teran waived her right to attack collaterally her sentence in a section 2255 motion, Ms. Teran is precluded to raise such issues in this section 2255 motion which do not relate to the performance of her attorney or voluntariness of waiver. *See Abarca*, 985 F.2d at 1013.

**Ineffective Assistance Of Counsel**

Ms. Teran claims the ineffective assistance of Mr. Mario DiSalvo as counsel regarding her initial entry into the plea agreement. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. As such, this Court scrutinizes Ms. Teran's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the

circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has proven prejudice affirmatively. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

The Plea Agreement sets forth the maximum sentence and also states that the Court must consult the Sentencing Guidelines to impose a final sentence:

> "The defendant understands that the Court must consult the Federal Sentencing Guidelines . . and must take them into account when determining a final sentence. Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the Guidelines." (Doc. 31, Plea Agreement)

Plaintiff was specifically informed and agreed to the sentence recommendations as stated in the Plea agreement:

> "The Government agrees to recommend that the defendant be sentenced to the low end of the applicable guidelines range. To be more specific, the base offense level under U.S.S.G. §2A4.1(a) is 32. A two level increase for reckless endangerment during flight . . . and a two level increase for use of a dangerous weapon under §2A4.1(b)(3) may apply based on the brandishing of firearms by her co-defendants during the kidnaping. Thus, the resulting adjustment level after subtracting three levels for acceptance of responsibility is a maximum of 33."

In the Plea Agreement, Ms. Teran stated that she understands the sentencing guidelines and agrees to the terms:

> "I have consulted with my attorney and fully understand my rights with respect to the provision of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement." (Doc. 31 Plea Agreement p.11.)

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397

U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act.'" *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Ms. Teran argues that Counsel DiSalvo led her to believe that she would receive a lower sentence for cooperation as well as having the gun charge dismissed. She argues that this misadvise led her to believe that the sentence would be 7 years and not the 121 months that she received. She argues the outcome would have been different if counsel had performed as promised. (Doc. 53, Motion p. 6.)

In this case, Ms. Teran acknowledged that she was fully aware of the direct consequence of her plea, in both written and oral form. In the written plea agreement, defendant acknowledged and agreed that the statutory minimum of imprisonment was life imprisonment. (Doc. 31, Plea Agreement.) At the time of the oral plea on October 2, 2009, Ms. Teran stated under oath that she was entering into the plea of guilty voluntarily, that she was satisfied with her attorney's representation, and that no one had forced her or threatened her to plead guilty. She stated that she understood that the sentence for her offense and that sentencing was at the discretion of the Court. Her written plea agreement underscores that "[n]o other promises or inducements have been made to me, other than those contained in this Agreement." Thus, under *Brady*, defendant's plea must stand, as her plea was voluntary and intelligent.

Further, Ms. Teran does not argue that she would have foregone entering into the plea agreement and would have proceeded to trial. She appears to fault her counsel for failure to secure a lower sentence in that, and giving her motion the benefit of the doubt, she appears to claim she would not have pled guilty if she had known her ultimate sentence. Such claim is unreasonable in that her counsel negotiated what became a 121-month sentence when she faced a potential life sentence had she proceeded to trial. Defendant offers nothing meaningful to demonstrate erosion of her Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. Erroneous predictions regarding a sentence are deficient only if they constitute "gross mischaracterization of the likely outcome" of a plea bargain "combined with ... erroneous advice on the probable effects of going to trial." *Iaea v. Sunn*, 800 F.2d 861, 864-65 (9th Cir.1986); *see also Calabrese v. United States*, 507 F.2d 259, 260 (1st Cir.1974) ("the imposition of a sentence greater than that expected by a defendant, or predicted by his counsel is not adequate grounds for vacating the sentence."). Only "[w]hen a plea rests in any significant degree on a

promise or agreement by a <u>prosecutor</u>, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499 (1971) (emphasis added). There is no evidence that defense counsel made errors so serious not to function as Sixth Amendment guaranteed counsel. Ms. Teran points to neither unreasonableness of defense counsel nor a reasonable probability of a different result, especially considering Ms. Teran's explicit agreement. This Court is not in a position to grant defendant a windfall and unwind defense counsel's representation of defendant. Defendant's ineffective assistance of counsel claim fails.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

/////
/////
/////
/////
/////
/////
/////

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Ms. Teran's section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 10-1838 LJO.

IT IS SO ORDERED.

**Dated:   October 14, 2010**                              /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE